UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DANIEL DAOGARU,<br><br>       Plaintiff,<br><br>   v.<br><br>LORETTA LYNCH, in her *official capacity* as Attorney General of the United States; and THOMAS BRANDON, in his *official capacity* as Acting Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br><br>       Defendants. | CIVIL ACTION NO.<br><br>1:16-CV-922-CAP |

# ORDER

This matter is before the court on the defendants' motion to dismiss [Doc. No. 3] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[1] The plaintiff in this case is seeking declarative and

---

[1] In his response brief, the plaintiff contends that the defendants' motion is untimely since the motion was not filed within sixty days of the date on which he sent the complaint and summons to the United States Attorney and the Attorney General. However, Rule 6(d) provides the defendants with an additional three days to file a responsive pleading because (1) Rule 6(d) applies to any time period specified by the Federal Rules (including Rule 12(a)(2)) and (2) because the plaintiff served the defendants pursuant to Rule 5(b)(2)(C) (service by mail). The defendants filed their motion within 63 days of the date on which the plaintiff mailed the complaint and summons. The motion is timely.

injunctive relief for the alleged deprivation of his Second Amendment right to keep and bear arms.

I. Factual Background

In the late nineties, the plaintiff was convicted in a Michigan state court of a number of felonies stemming from "bad check charges." As a convicted felon, the plaintiff was barred under Michigan law from possessing a firearm until 2005, when, after completing the terms of his probation, the plaintiff was "no longer prohibited under Michigan law from possessi[ng] a firearm on account of the convictions." [Doc. No. 1 at 5]. To date, however, the plaintiff is still not eligible under Michigan law for a "license to carry a concealed weapon." [Doc. No. 1 at 5].

More relevant to the instant case, under federal law (18 U.S.C. § 922(g)), the plaintiff is prohibited from possessing or receiving any firearm because he was convicted of a crime punishable by a term of imprisonment exceeding one year and because Michigan has not restored *all* of his rights to possess a firearm. *See* 18 U.S.C. § 921(a)(20) (stating that a "crime punishable by imprisonment for a term exceeding one year" for purposes of 18 U.S.C. § 922(g) does not include a conviction for a person who has had his "civil rights restored"); *see also Caron v. United States*, 524 U.S. 308, 314-15 (1998) (holding that *partial* restoration of right to carry firearms under state

law does not trigger the aforesaid exemption from the uniform federal ban applicable to convicted felons). Given the foregoing, the plaintiff fears arrest and prosecution by the defendants for violating 18 U.S.C. § 922(g) should he purchase and possess a firearm in Georgia. Preemptively, the plaintiff through this action claims that the defendants' enforcement of that provision would violate his Second Amendment right to keep and bear arms and hereby seeks (among other things) a declaration that 18 U.S.C. § 922(g) is unconstitutional as applied to him.

## II. Discussion

### A. Standard of Review

When a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is based on a facial challenge to the complaint, as is the case here, the court must "look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction[.]" *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting another source) (internal quotation marks omitted). "If the challenge is facial, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised." *Id.* (quoting another source) (internal quotation marks omitted). When evaluating a Rule 12(b)(6) motion to dismiss, the court must take the facts alleged in the

complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.,* 693 F.3d 1317, 1321-22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Moreover, "[w]hen a court is considering a motion to dismiss under Rule 12(b)(6), documents attached to the motion to dismiss may be considered if the document is both central to the plaintiff's claim and undisputed." *Blake v. Bank of Am., N.A.,* No. 1:14-CV-3252-TWT, 2015 WL 4756773, at *4 (N.D. Ga. Aug. 12, 2015) (citations omitted).

### B. Standing

The defendants posit that the plaintiff lacks standing to challenge 18 U.S.C. § 922(g) and, therefore, the court lacks subject matter jurisdiction to hear this case.

Article III, Section 2 of the United States Constitution limits the subject matter of federal courts to "cases" and "controversies." The "core component of standing is an essential and unchanging part of the case-or-

controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation omitted). "A plaintiff who invokes the jurisdiction of a federal court bears the burden of showing '(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.'" *KH Outdoor, L.L.C. v. Clay Cty., Fla.*, 482 F.3d 1299, 1303 (11th Cir. 2007) (quoting *Granite State Outdoor Advert., Inc. v. City of Clearwater, Fla.*, 351 F.3d 1112, 1116 (11th Cir. 2003)). Because the plaintiff—a Georgia resident seeking a firearm in Georgia—is independently barred under *Georgia law* from possessing a firearm, the defendants contend that the plaintiff cannot satisfy the second and third constitutional requirements for standing.

To establish a causal connection between the injury and the causal conduct, the second element of standing, the plaintiff must demonstrate that the alleged injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 U.S. at 560 (quoting another source) (internal quotation marks omitted). Moreover, to satisfy the third necessary ingredient of standing, the plaintiff must prove that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision"

5

of this court. *See id.* at 561 (quoting another source) (internal quotation marks omitted).

Here, the similar, but not identical, state-law firearms ban applicable to convicted felons establishes that the plaintiff's alleged injury is attributable to a third-party not before the court, the State of Georgia, and that his alleged injury's relationship to the federal ban, as set forth in 18 U.S.C. § 922(g), is not fairly traceable to the defendants, nor would a favorable ruling by this court redress his injury. Pursuant to the plain terms of O.C.G.A. § 16-11-131(b), any person who has been convicted of a felony in any state is prohibited from possessing a firearm in Georgia unless the person was subsequently pardoned of the felony. O.C.G.A. § 16-11-131(b), (c). Since the plaintiff was convicted of a felony in Michigan, and since the plaintiff has not been pardoned,[2] Georgia law independently bars him from

---

[2] The plaintiff argues that he was pardoned, as that term is defined under Georgia law, by virtue of the partial restoration of his right to bear arms in Michigan. But the plaintiff has not alleged, much less shown, that he was pardoned by an authorized agency in Michigan. *See* O.C.G.A. § 16-11-131(c). Rather, the plaintiff alleges that in 2005 he was able to possess a firearm by "operation of Michigan law." [Doc. No. 1 at 5]. This is not a pardon for purposes of O.C.G.A. § 16-11-131(c). *See generally Harrison v. Wigington*, 497 S.E.2d 568, 569-70 (Ga. 1998); Ga. Comp. R. & Regs. 475-3-.10 ("A pardon is a declaration of record that a person is relieved from the legal consequences of a particular conviction. It restores civil and political rights and removes *all* legal disabilities resulting from the conviction.") (emphasis added).

possessing a firearm. This holds true even if the court were to strike down 18 U.S.C. § 922(g). The plaintiff argues that any injury under Georgia law differs from the feared injury under federal law and, as a result of those differences, he can trace his alleged injury to 18 U.S.C. § 922. In other words, the plaintiff asserts that his alleged injury is the threat of prosecution by a *federal* prosecutor and a conviction by a *federal* court for violating 18 U.S.C. § 922. But the plaintiff's "'some day' intentions [to violate 18 U.S.C. § 922]—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury" component. *Lujan*, 504 U.S. at 564 (quoting another source) (internal quotation marks omitted); *see also Bailey v. Patterson*, 369 U.S. 31, 32 (1962) ("Appellants lack standing to enjoin criminal prosecutions under Mississippi's breach-of-peace statutes, since they do not allege that they have been prosecuted or threatened with prosecution under them."). On the other hand, were the court to find that the plaintiff's alleged injury is the denial of his constitutional right to bear arms, this alleged injury is not traceable to the defendants because O.C.G.A. § 16-11-131(b) (which the plaintiff does not challenge) independently forbids the plaintiff from possessing a firearm, nor is it redressable by a favorable ruling by this court. Either way, the plaintiff has failed to show that he has Article III standing.

7

### III. Conclusion

For the above reasons, the defendants' motion to dismiss [Doc. No. 3] pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is GRANTED. The clerk is DIRECTED to terminate this civil action.

**SO ORDERED** this 27th day of July, 2016.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge